**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

v.

MOHAMMAD HAMDAN,

Defendant.
_____/

Case: 5:26−cr−20040
Assigned To : Levy, Judith E.
Referral Judge: Grand, David R.
Assign. Date : 1/28/2026
Description: INFO USA V. HAMDAN(AB)

Violations:
18 U.S.C. § 1956(h)

# Information

The United States Attorney charges that:

## Count One
## Conspiracy to Commit Health Care Fraud
## 18 U.S.C. §§ 1349, 1347

1. From in or around February 2019, through June 2024, in the Eastern District of Michigan, and elsewhere, defendant MOHAMMAD HAMDAN, knowingly conspired with other persons and entities known and unknown to the Grand Jury to commit health care fraud against the United States in violation of Title 18, United States Code, Section 1347, specifically, to knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section

1

24(b), that is, Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, by submitting or causing the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS.

## Purpose of the Conspiracy

2.  It was the purpose of the conspiracy for MOHAMMAD HAMDAN and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting, and causing the submission of, false and fraudulent claims of Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS that were: (i) medically unnecessary, (ii) not actually dispensed, (iii) not ordered by a physician, and/or (iv) ineligible for reimbursement; (b) concealing, and causing the concealment of, the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid

2

health plans, and BCBS, and the receipt and transfer of the proceeds of the fraud; and (c) diverting fraud proceeds for the personal use and benefit of the defendant and his co-conspirators, and to further the fraud.

## Manner and Means of the Conspiracy

3. MOHAMMAD HAMDAN and others maintained national provider identifiers for Prime Pharmacy ("Prime"), located at 1948 Ford Ave., Wyandotte, MI, 48192, and Corner Med Pharmacy ("Corner Med"), located at 25302 W. Warren Street, Dearborn Heights, Michigan,

48127, for the purpose of submitting claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS.

4. MOHAMMAD HAMDAN and others, on behalf of Prime and Corner Med, maintained pharmacy provider agreements with PBMs like CVS Caremark, OptumRx, Express Scripts, Humana, and others.

5. MOHAMMAD HAMDAN and others, on behalf of Prime and Corner Med, falsely certified to Medicaid that they would operate in compliance with all Medicaid rules and regulations, including applicable federal laws.

6. MOHAMMAD HAMDAN and others, through Prime and Corner Med, submitted and caused the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS, even though the prescribe drugs were medically unnecessary and/or not actually dispensed. In many instances, Prime and Corner Med lacked the inventory to dispense these drugs.

7. MOHAMMAD HAMDAN and others, through Prime and Corner Med, submitted and caused the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid,

Medicaid health plans, and BCBS for prescription drugs that were, in fact, never ordered by a submission.

8. Between on or about January 2022, through June 2024, MOHAMMAD HAMDAN and others, through Prime and Corner Med, submitted and caused the submission of false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS totaling at least $3,000,000 when such drugs were

medically unnecessary, not actually dispensed, not ordered by a physician and/or ineligible for reimbursement.

9. MOHAMMAD HAMDAN personally profited from his participation in the scheme, directly or indirectly, by receiving fraud proceeds for the personal use and benefit of himself and others.

10. Fraud proceeds were deposited into bank accounts controlled by MOHAMMAD HAMDAN, in the Eastern District of Michigan.

All in violation of Title 18, United States Code, 1349 and 1347.

## FORFEITURE ALLEGATIONS
**18 U.S.C. § 982(a)(7); 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)**

11. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(7).

12. Upon conviction of the offense[s] in violation of 18 U.S.C. § 1347 set forth in Count 1 of this Information, defendant, Mohammad-Ali Hamdan, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived,

directly or indirectly, from gross proceeds traceable to the commission of the offense.

13. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

14. Upon conviction of the offense in violation of 18 U.S.C. § 1349 set forth in Count 1 of this Information, defendant, Mohammad-Ali Hamdan, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal,

which constitutes or is derived from proceeds traceable to defendant's violation.

15. If any of the property described above, as a result of any act or omission of defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by and 18 U.S.C. § 982(b)(1).

16. <u>Money Judgment</u>: Upon conviction of violating the offense in Count 1 of this Information, defendant shall be ordered to pay the

United States a sum of money equal to the total amount of

proceeds defendant obtained as a result of such violation.


JEROME F. GORGON JR.
United States Attorney


*s/John K. Neal*
JOHN K. NEAL
Chief, Anti-Corruption Unit

*s/Jason D. Norwood*
JASON D. NORWOOD
Assistant United States Attorney

Dated: January 28, 2026

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number  5:26−cr−20040 |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | AUSA's Initials:  JDN |

**Case Title:** USA v.  Mohammad Hamdan

**County where offense occurred :**  Wayne

**Check One:**   ☒ Felony    ☐ Misdemeanor    ☐ Petty

    ____Indictment/ ✓ Information ---  **no** prior complaint.
    ____Indictment/____Information ---  based upon prior complaint [**Case number:**                    ]
    ____Indictment/____Information ---  based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

January 28, 2026
    Date

s/Jason D. Norwood
Jason D. Norwood
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226- 9587
Fax:
E-Mail address: jason.norwood@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.